IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY BERRY, )<br>    )<br>        Plaintiff, )<br>    )<br>v.    )    Case No. 08-2439-JPO<br>    )<br>WRIGHT BUSINESS SCHOOL, )<br>    )<br>        Defendant. ) | |

## ORDER

On July 2, 2009, the undersigned U.S. Magistrate Judge, James P. O'Hara, convened what was planned to be a final pretrial conference pursuant to Fed. R. Civ. P. 16.  The plaintiff, Kimberly Berry, appeared through counsel, Mark A. Buchanan.  The defendant, Wright Business School, appeared through counsel, John M. McFarland and Erin R. McClernon.  The court converted the pretrial conference into a status conference, so certain dispositive legal issues can be most efficiently addressed.

Without objection by defendant, leave of court is granted to plaintiff to file an amended complaint.  It shall be filed by **July 6, 2009**.  Count I of the amended complaint, setting forth plaintiff's "Title VII" claim, shall be the same as Count I of plaintiff's original complaint (doc. 1); Count I of plaintiff's original complaint sets forth a claim of retaliation under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), for plaintiff's alleged protected opposition to teacher-on-student sexual harassment at defendant's school.

Consistent with the Supreme Court's very recent holdings in *Ashcroft v. Iqbal*, Count II of the amended complaint shall be confined to articulating plaintiff's new alternative theory of relief under "Title IX."  The amended pleading shall allege with particularity

plaintiff's contentions concerning defendant's "deliberate indifference." The court notes the public policy-based claim in Count II of plaintiff's original complaint has been abandoned (*see* docs. 48 and 49), and therefore it shall not be included in the amended complaint.

Defendant shall file its answer to the amended complaint by **July 13, 2009**. In addition, by **August 10, 2009**, defendant shall file a motion to dismiss challenging the sufficiency of plaintiff's Title VII and Title IX claims. According to defendant, the teacher-on-student harassment of which plaintiff complained is not an employment practice made an unlawful practice by Title VII and thus this court has no subject matter jurisdiction to adjudicate Count I. For the same reasons, defendant further asserts plaintiff will be unable to plead a viable claim under Title IX of the civil rights statutes.

The parties' principal briefs in connection with the above-described motion to dismiss shall be limited to 10 pages. Any reply brief shall be limited to 3 pages.

If this case survives the court's rulings on the above-referenced motion to dismiss, the court will shortly thereafter reconvene the final pretrial conference, as neither party has timely moved to extend the April 1, 2009 discovery completion deadline. The court, however, is mindful that plaintiff has a pending motion to compel discovery (doc. 50), the reply brief on which (if any) is not due until July 10, 2009. At the pretrial conference, the court will set a deadline for any summary judgment motions the parties wish to file; if no such motions will be filed, the court will specially the case for trial.

IT IS SO ORDERED.

Dated this 2nd day of July, 2009, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge