IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-2439-JPO |
| | ) |
| MISSION GROUP KANSAS, INC., | ) |
| d/b/a Wright Business School, | ) |
| | ) |
| Defendant. | ) |

## ORDER IN LIMINE

The plaintiff, Kimberly Berry, alleges that the defendant, Mission Group Kansas, Inc., d/b/a Wright Business School ("WBS"), retaliated against her in violation of Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681 et seq., after she reported incidents of sexual harassment against female students by a male instructor. WBS denies this and asserts there were legitimate, nondiscriminatory reasons for Berry's termination.

A jury trial is scheduled to begin on July 19, 2010. Both parties have submitted motions in limine (**docs. 92 and 96**). The court has concluded that oral arguments on these motions are not necessary. The court's rulings are set forth in this order.

**I.** **Governing Legal Standards**

In deciding motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial,

the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.[1]

## II. Berry's Motion in Limine

The court has reviewed Berry's motion in limine (**doc. 92**) and WBS's response (doc. 104). As explained below, Berry's motion is denied in part and granted in part.

*Evidence of Student Complaints About WBS's Admission and Externship Process.* Berry requests that the court exclude evidence regarding complaints about WBS's admission and externship process—specifically an email stating that Berry was giving students incorrect information about externships—because this evidence constitutes hearsay and is irrelevant. WBS responds that this evidence is relevant because it goes to whether WBS believed legitimate, nondiscriminatory grounds existed for firing Berry, which would negate any retaliatory intent. WBS also denies that the evidence is hearsay because it would not be offered to prove the truth of the matter asserted, i.e., that Berry did in fact give students incorrect information. The court agrees with WBS on both points. Although Berry argues that the timing of this allegation—the email was sent several months before Berry was fired—renders it irrelevant, the timing of such evidence goes to its weight rather than its

---

[1] *Schipper v. BNSF Ry. Co.*, No. 07-2249, 2009 WL 997149, at *1 (D. Kan. Apr. 14, 2009) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

relevancy. Accordingly, Berry's request on this point is denied.

*Evidence Regarding the Reasons Cathy Adkins and Larry LeBeouf Were Terminated.* Berry contends that the court should exclude all evidence regarding the reasons former WBS employees Cathy Adkins and Larry LeBeouf were terminated, specifically, that they were allegedly caught engaging in sexual relations in a WBS classroom. Berry claims this evidence has no probative value, would be highly prejudicial, and is inadmissible character evidence. WBS argues that Berry was terminated because she was passing confidential school information to LeBeouf, which, if believed, would rebut Berry's allegation of retaliation and would be relevant. Berry also fails to explain how this evidence would unfairly prejudice her and thus this request fails to include the necessary specificity to justify exclusion. Further, the reason why someone was terminated is not impermissible character evidence. Under these circumstances, the court is unable to conclude at this juncture that the reasons given for Adkins's and LeBeouf's terminations are neither relevant nor probative, or that Berry would be prejudiced by this evidence. Berry's motion on this point is therefore denied.

*Evidence Regarding WBS's Sexual-Harassment Policy.* Berry makes two requests in her motion in limine regarding a WBS sexual-harassment policy. She first argues that the court should *admit* evidence that WBS failed to implement a sexual-harassment policy in violation of a resolution agreement with the U.S. Department of Education. But she also argues that the court should *exclude* evidence that WBS later *did* adopt such a policy several

months after Berry was fired. WBS argues that both WBS's failure to adopt a policy and its later implementation of such a policy are irrelevant to the facts of this case. The court agrees with WBS. The reasons advanced by Berry to justify evidence of WBS's failure to enact a sexual-harassment policy are not relevant to this case. The issue here is whether WBS retaliated against Berry because she complained of teacher-on-student sexual harassment. The implementation or lack thereof of a sexual-harassment policy offers nothing to this analysis. Thus, to the extent Berry seeks to introduce evidence of a failure to implement a policy, that request is denied. But because WBS does not oppose Berry's request that the court exclude evidence that WBS eventually did enact a sexual-harassment policy after Berry was fired—and because such evidence is irrelevant to this case—Berry's motion on that point is granted.

*Emails Between Berry's Attorney and Gena Renee Miller.* Berry argues that the court should exclude from evidence emails between her attorney and Gena Renee Miller, which WBS's attorney obtained when deciding whether to withdraw a motion for sanctions. Berry claims this evidence is irrelevant, hearsay, unfairly prejudicial, and was not obtained by WBS during the course of discovery. WBS argues in response that this evidence is relevant to Miller's credibility and that no hearsay problem exists because the emails would not be offered to prove the truth of the matter asserted. At this juncture, the court cannot conclude that these emails would bear no relevance to Miller's testimony or credibility, should Berry call her to testify at trial. The court further notes that, although Berry claims these emails

are prejudicial, she again does not explain why. Accordingly, Berry's request on this point is denied.

*Contents of the EEOC's Investigation File.* Berry argues that the court should exclude the contents of the EEOC's investigation file with the exception of WBS's position statement, citing a Southern District of Indiana case arriving at the same result. The admission of EEOC files is generally a matter left to the discretion of the trial court.[2] But a wholesale exclusion of various documents based on Berry's generalized objection would not allow for the exercise of any discretion. And the decision of whether to admit or deny a particular portion of the EEOC file cannot be made out of the context of trial, as such a decision will be highly fact-specific. Therefore, the motion on this point is denied without prejudice to Berry making a more specific objection at trial should WBS seek to admit portions of the EEOC file.

*Berry's Work History.* Berry contends that her work history should be excluded as irrelevant and because it would only be useful as prejudicial character evidence that is inadmissible under Fed. R. Evid. 404. WBS argues in response that this request is premature because the determination of the relevancy of this evidence cannot be determined until Berry testifies at trial. The court agrees with WBS. It is possible that evidence regarding Berry's work history could be relevant at trial and admissible for reasons unrelated to her character. Therefore, Berry's motion on this point is denied without prejudice to reasserting an

---

[2]*Babich v. Unisys Corp.*, No. 92-1473, 1994 WL 167984, at *1 (D. Kan. Apr. 8, 1994).

objection should the issue arise at trial.

*June 13, 2007 Emails From Malisa Wacker to Justin Berkowitz.* Berry's last claim is that the court should exclude an email from Malisa Wacker to Justin Berkowitz because the email is hearsay that does not fall into any recognized exception. WBS argues that the email in question is not hearsay because it is not intended to be offered to prove the truth of the matter asserted. The email from Wacker is dated June 13, 2007, and states that Berry told Wacker "a couple of weeks ago" that Berry was in contact with some former WBS employees and that they had been collecting information. WBS argues that it does not intend to offer this email as proof that Berry was communicating with former WBS employees and collecting information but rather as evidence that WBS had a good-faith belief that reasons existed to terminate Berry. In other words, WBS does not seek to prove that Berry was collecting documents, but just that WBS *believed* she was collecting documents.[3] In this regard, WBS is correct that this would not speak to the truth of the matter asserted, i.e., that Berry was collecting documents. Thus, the email would not fall within the definition of hearsay under Fed. R. Evid. 801(c). Berry's motion on this point is denied.

### III. WBS's Motion in Limine

---

[3]*See Lewis v. Four B Corp.*, 347 F. Supp. 2d 1017, 1024–25 (D. Kan. 2004) ("'The relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs.'" (quoting *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1318 (10th Cir.1999), *overruled on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002))).

The court has reviewed WBS's motion in limine (**doc. 96**), Berry's response (doc. 101), and the reply WBS was granted leave to file (doc. 113). As explained below, WBS's motion is denied in part and granted in part.

*Evidence Related to Berry's Abandoned Public-Policy Claim.* WBS first requests that the court exclude all evidence and testimony relating to the allegations made by Berry in the second count of her complaint, which was a public-policy claim. The court is not convinced by WBS's argument that *all* of the evidence highlighted in WBS's motion should be excluded during trial. Certainly, Berry will not be permitted at trial to argue her public-policy claim, as that count of her complaint was dismissed without opposition.[4] And any evidence that bears no relevance to anything but the public-policy claim will not be permitted at trial. However, it is plausible that some of the evidence noted by WBS might become relevant depending on the testimony and evidence presented at trial with regard to Berry's remaining retaliation claim. Accordingly, because WBS has failed to conclusively show that the evidence listed in its motion in limine would be inadmissible on *any* relevant ground, the court declines to grant its motion on this point without prejudice to it reasserting these objections at trial. Should Berry seek to admit any of the evidence or testimony in question during trial, WBS is free to object and the matter will be addressed at that time.

*Evidence Related to the 2007 Consumer-Protection Investigation of WBS.* WBS next requests that the court exclude evidence of a 2007 investigation by the Johnson County,

---

[4]*See* doc. 49.

Kansas District Attorney's Office as irrelevant and prejudicial. Berry concedes that the investigation is generally irrelevant, but argues that the existence of the investigation is "relevant to provide background and foundation facts" for the alleged reasons given for Berry's termination and also to rebut other evidence that Berry claims implies that it was her conduct that led to the investigation. While the court does not entirely follow Berry's logic on this point, it is difficult to conclude at this stage, without the benefit of the context of trial, that the existence of the consumer-protection investigation is wholly irrelevant. Thus, because Berry concedes that the contents of the investigation and the results are irrelevant, WBS's motion as to those facts is granted. However, so far as WBS is asking that the court exclude *all* evidence of the existence of the investigation, the court denies the motion without prejudice to WBS reasserting its objections at trial.

*Evidence Related to the 2006–2007 Investigation of WBS by the Kansas Board of Regents.* WBS next seeks to exclude as irrelevant and prejudicial evidence of an investigation of WBS by the Kansas Board of Regents. Berry states in her response that she will not offer into evidence the August 7, 2007 letter included in her exhibit list, "other than as impeachment." Thus, to the extent it is unopposed, WBS's motion on this point is granted and will be treated as a stipulation at trial.

*Evidence That WBS Failed to Verify Berry's Employment After She Was Terminated.* WBS seeks to exclude as irrelevant hearsay emails regarding requests made to WBS for verification of Berry's employment after her termination. Berry argues that these emails are

evidence that "WBS engaged other in [sic] retaliatory actions after firing Ms. Berry" and that "[a]lthough Ms. Berry is not seeking to recover damages for these violations, they are relevant to show a retaliatory mindset." But as WBS points out in its reply, the only adverse employment action alleged in this case is Berry's termination.[5] Failure of WBS to verify Berry's employment has never been alleged as a retaliatory action—something Berry seems to acknowledge when she states that she is not seeking to recover damages based on these actions. Given that, it's unclear how these emails would be relevant. Accordingly, WBS's motion on this point is granted.

*Statements Made to Berry by Sara Roe and Larry Lebeouf.* WBS last seeks to exclude as hearsay statements made to Berry by Sara Roe and Larry Lebeouf regarding the alleged reasons for Berry's termination. Berry responds that she does not oppose WBS's motion as to statements made by Lebeouf, and she also does not plan to offer any statements by Roe via the declaration attached to Berry's summary-judgment response. Thus, to the extent it is unopposed, WBS's motion on this point is granted and it will be treated as a stipulation at trial.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Berry's motion in limine (**doc. 92**) is granted in part and denied in part, as discussed above.

---

[5]*See* doc. 71 at 6.

2. WBS's motion in limine (**doc. 96**) is granted in part and denied in part, as discussed above.

Dated May 28, 2010, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge